**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**CASE NO.:    8 26-CV-02009-KKM-CPT**

DION HARDING,

     Plaintiff,

v.

EXPERIAN INFORMATION

SOLUTIONS, INC.,

     Defendant.

_____/


**PLAINTIFF'S MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE WHY**
**THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER**
**JURISDICTION**


     Plaintiff, Dion Harding ("Plaintiff"), by and through undersigned counsel, respectfully submits this memorandum in response to the Court's endorsed order dated July 16, 2026 (Doc. 4), directing Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. As set forth below, Plaintiff has adequately alleged a concrete, particularized injury in fact sufficient to confer Article III standing, and this case is materially distinguishable from *Peters v. Equifax Information Services, LLC*, No. 8:22-CV-2797-KKM-AAS, 2022 WL 18358996 (M.D. Fla. Dec. 29, 2022). The action should proceed.


**I. INTRODUCTION**

     This is an action under Section 1681g(a)(1) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1), which requires a consumer reporting agency, upon request, to "clearly and accurately disclose to the consumer … [a]ll information in the consumer's file at the time of the

request." Plaintiff requested her full file disclosure from Defendant Experian Information Solutions, Inc. ("Experian") through the centralized annual-disclosure source, www.annualcreditreport.com, on June 23, 2026. (Compl. ¶ 12.) Experian's response omitted the full account numbers, account information, and payment history for six identified tradelines, and omitted entirely any file or disclosure from Experian's affiliated consumer reporting entities notwithstanding its obligation to provide such information under 12 C.F.R. § 1022.136(d). (Compl. ¶¶ 14–16.)

The Court's order raises, sua sponte, whether these allegations amount to a bare procedural violation of the kind rejected in *Peters*, where the plaintiff "alleges only that he personally viewed the inaccurate disclosure" and where "[t]hat alone is not a concrete harm giving rise to an injury in fact." 2022 WL 18358996, at *1. As explained below, Plaintiff's allegations go materially further than the bare viewing of an inaccurate disclosure at issue in *Peters*: Plaintiff alleges that Experian's omissions deprived her of the specific information necessary to exercise her statutory right to identify and dispute inaccuracies in her file under 15 U.S.C. § 1681i, an impairment of a substantive right closely analogous to the informational-injury doctrine recognized in *TransUnion LLC v. Ramirez* 594 U.S. 413 (2021), and *Havens Realty Corp. v. Coleman* 455 U.S. 363 (1982).

## II. LEGAL STANDARD

To establish Article III standing, a plaintiff must show an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," fairly traceable to the defendant's conduct, and redressable by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A bare

procedural violation, divorced from any concrete harm, does not by itself satisfy the injury-in-fact requirement, the violation of a statutory right is necessary but not alone sufficient. *Id.* at 341–42.

In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court reaffirmed that a plaintiff must show a harm that is concrete, that is, either a traditional tangible or intangible harm recognized at common law, or an intangible harm with a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit. *Id.* at 424–25. The Court expressly preserved informational-injury standing for statutory disclosure violations where the plaintiff identifies "downstream consequences" flowing from the denial of information, that is, adverse effects from being deprived of information to which the plaintiff was statutorily entitled. *Id.* at 442 (citing *Public Citizen v. DOJ*, 491 U.S. 440 (1989) and *FEC v. Akins*, 524 U.S. 11 (1998)). The Court further noted that the FCRA's disclosure and summary-of-rights requirements are "designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties." *Id.* at 440.

Similarly, in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), the Supreme Court held that the denial of truthful information to which a plaintiff is statutorily entitled is itself a cognizable Article III injury, regardless of what the plaintiff intended to do with that information. *Id.* at 373–74. That principle applies with particular force here, where the information withheld such as account numbers, account information, and payment history, is the very information Congress required Experian to disclose so that consumers can exercise their statutory dispute rights under 15 U.S.C. § 1681i.

## III. ARGUMENT

**A. Plaintiff's Injury Is Concrete Because Experian's Omissions Impaired Her Ability to Exercise Her Statutory Right to Identify and Dispute Inaccuracies.**

Plaintiff's alleged injury is not the abstract fact of a statutory violation, nor the mere viewing of a disclosure she believed to be inaccurate. Rather, Plaintiff alleges that Experian's omission of full account numbers, account information, and payment history for six specifically identified tradelines: Verizon Wireless, LVNV Funding LLC, Jefferson Capital LLC, Santander Consumer USA, and Atlantic Capital Bank, deprived her of the information necessary to compare those accounts against her own records and determine whether they were being reported accurately. (Compl. ¶¶ 16, 22–23, 31.) Absent that information, Plaintiff was left, in the words of the Complaint, "playing detective" as to the accuracy of her own file. (Compl. ¶ 23.)

This is precisely the kind of impairment of the statutory dispute mechanism that *TransUnion* identified as sufficient to support informational-injury standing. The FCRA's disclosure requirement under § 1681g(a)(1) exists specifically "to enable consumers to identify inaccurate information in their credit files and correct it through the dispute procedure set out in 15 U.S.C. § 1681i." *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007); *see also TransUnion*, 594 U.S. at 440. When a consumer reporting agency withholds the specific data necessary to make that comparison, as opposed to merely disclosing information the consumer later happens to view as inaccurate, the consumer suffers a concrete downstream consequence: the practical inability to invoke her own statutory dispute rights. That is a "close relationship" to the common-law tort of denial of access to information one is legally entitled to receive, which *TransUnion* and *Havens* confirm is sufficient.

4

**B. This Case Is Distinguishable from Peters v. Equifax.**

In *Peters*, the plaintiff's theory of injury began and ended with the bare fact that he "personally viewed the inaccurate disclosure." 2022 WL 18358996, at *1. The *Peters* complaint did not allege that the plaintiff was thereby prevented from identifying or disputing any specific inaccuracy, or that the disclosure's deficiency impaired any exercise of his statutory rights. It alleged only the viewing itself as the harm, which the Court correctly held collapses the statutory violation into the injury and fails *TransUnion*'s concreteness requirement.

Plaintiff's Complaint alleges more. It identifies the specific tradelines affected, the specific categories of information omitted from each (full account number, account information, and payment history), and explains why that omission, as opposed to some other inaccuracy Plaintiff simply observed, prevented her from being able to verify those accounts against her own records at all. (Compl. ¶¶ 16, 22–23, 31.) The Complaint further alleges that Experian withheld any affiliated-file disclosure entirely, notwithstanding its regulatory obligation to provide it, compounding the impairment of Plaintiff's ability to review her complete file. (Compl. ¶¶ 14–15.) Where *Peters* presented a plaintiff injured by nothing more than what he read, Plaintiff here is injured by what she could not determine because Experian withheld the means of determining it - a distinction the Supreme Court's informational-injury cases treat as dispositive.

**C. Eleventh Circuit and Post-TransUnion Authority Support Standing for § 1681g(a)(1) Disclosure Claims of This Kind.**

The Eleventh Circuit has long recognized that the FCRA's "file" disclosure obligation under § 1681g(a)(1) is broader than the obligations attached to a "consumer report," and exists to serve the distinct purpose of enabling consumers to review the complete contents of what a

5

reporting agency maintains and furnishes about them. *Nunnally v. Equifax Info. Servs., LLC*, 451 F.3d 768, 773 (11th Cir. 2006). Courts applying *TransUnion* to § 1681g(a)(1) claims of this type have sustained standing, and in several instances sustained the claims on the merits, whereas here, the plaintiff identifies specific omitted categories of information (account numbers, account information, payment history) that impede the consumer's ability to evaluate her own file. *See Blevins v. Equifax Info. Servs. LLC*, No. 25-cv-23481-BLOOM, 2025 U.S. Dist. LEXIS 266504, at *6–7 (S.D. Fla. Dec. 29, 2025) (full account numbers are within "file" under § 1681g); *Emery v. Equifax Info. Servs., LLC*, No. 8:25-cv-01979-MSS-SPF, 2026 U.S. Dist. LEXIS 80346, at *5–6 (M.D. Fla. Apr. 13, 2026); *Harris v. TransUnion, L.L.C.* ("Harris II"), No. 1:25-CV-192-MLB-JKL, 2025 WL 3306434, at *7 (N.D. Ga. Oct. 20, 2025) (sustaining § 1681g(a)(1) claim where plaintiff identified specific account numbers and payment histories truncated or missing from her disclosure); *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 U.S. Dist. LEXIS 46699, at *15–17 (E.D. Tex. Feb. 9, 2026).

That these decisions largely address the merits of § 1681g(a)(1) claims rather than standing in isolation does not diminish their relevance: each necessarily proceeded past the threshold jurisdictional inquiry on materially indistinguishable allegations. Specific identified categories of missing file information that impair the consumer's ability to evaluate her own credit file, not a bare assertion that a violation occurred. See also *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022) (finding § 1681g disclosure violations sufficient to confer standing where the withheld disclosures were necessary for informed decision-making).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Complaint adequately alleges a concrete and particularized injury in fact sufficient to confer Article III standing, and that this Honorable Court should not dismiss this action for lack of subject matter jurisdiction.

Date: 7/21/2026

Respectfully submitted,

/s/ Daniel Lenghea
Daniel Lenghea, Esq.
FL BAR ID: 86508
Daniel Lenghea Law, PA
66 W Flagler Street
The Concord Building
Suite 900
Miami, FL 33130
Phone: (305) 848-9700
Direct: (305) 343-6707
Email: daniel@lenghea.com

*Designated Lead Attorney for Plaintiff*

7